**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 06-2276**

───────────

JULIE RAGSDALE,

                              Plaintiff - Appellant,

        versus

JOHN POTTER, Postmaster General, United States
Postal Service,

                              Defendant - Appellee.


───────────

**No. 06-2277**

───────────

ADELE STRISS,

                              Plaintiff - Appellant,

        versus

JOHN E. POTTER, Postmaster General, United
States Postal Service,

                              Defendant - Appellee.


───────────

Appeals from the United States District Court for the District of
South Carolina, at Anderson.  R. Bryan Harwell, Henry F. Floyd,
District Judges.  (8:05-cv-00142-RBH; 8:04-cv-22435-HFF)


───────────

Submitted:  March 28, 2007          Decided:  April 12, 2007

Before MOTZ, KING, and SHEDD, Circuit Judges.

Remanded by unpublished per curiam opinion.

Julie Ragsdale, Adele Striss, Appellants Pro Se. Lora M. Taylor, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adele Striss and Julie Ragsdale, career employees of the United States Postal Service ("USPS"), each filed separate civil complaints against the USPS. Amy Gaffney served as counsel for both Striss and Ragsdale. Each complaint asserted that the plaintiff was the victim of gender and race discrimination and retaliation for protected conduct when they were denied certain temporary details and/or permanent assignments. The USPS filed motions for summary judgment that stated its alleged reasons for denying Striss and Ragsdale the details and permanent positions. A magistrate judge issued a report and recommended that the district court grant the motions. Striss and Ragsdale filed objections to the report; however, the district court adopted the magistrate judge's report and recommendation and granted summary judgment to the USPS in each case.

Following the dismissals, Gaffney entered into a settlement agreement with USPS in which she agreed, purportedly on behalf of Striss and Ragsdale, that neither would appeal the district court's judgment in exchange for the USPS forgoing the right to pursue costs from either woman. Striss and Ragsdale, nonetheless, timely appealed pro se. The USPS has now filed a motion to dismiss both appeals based on the settlement agreement. Striss and Ragsdale have responded, arguing they did not agree to settle and Gaffney had no authority to enter into a settlement

agreement on their behalf. "[I]f there is a material dispute about . . . the authority of an attorney to enter a settlement agreement on behalf of his client, a trial court must conduct a plenary evidentiary hearing to resolve that dispute." Columbus-America Discovery Group v. Atlantic Mut. Ins. Co., 203 F.3d 291, 298 (4th Cir. 2000). Because there is a material dispute as to whether Gaffney had the express or apparent authority to enter into a settlement agreement on Striss and Ragsdale's behalf,[*] we remand these appeals to the district court for the limited purpose of making this determination. We suggest that, for purposes of this limited remand only, these cases be administratively consolidated in the district court and assigned to the same district judge. The cases will then be returned to this court for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REMANDED

_____

[*]A finding of express or apparent authority is necessary for Gaffney's actions to bind Striss or Ragsdale because an attorney does not possess *implied* authority to enter into a settlement agreement. See Hensley v. Alcon Labs., Inc., 277 F.3d 535, 541 n.* (4th Cir. 2002) (citing Auvil v. Grafton Homes, Inc., 92 F.3d 226, 229-30 (4th Cir. 1996)).